| | |
|---|---|
| STATE OF MAINE<br>FRANKLIN, ss. | SUPERIOR COURT<br>LOCATION: FARMINGTON<br>DOCKET NO. FARDC-CV-19- |

Jessica M. Perkerewicz,  )
    Plaintiff  )
      )
v.  )
      )    **COMPLAINT**
Sugarloaf Mountain Corporation,  )
    and  )
Aaron Upham,  )
    and  )
Coyote Freeman,  )
    jointly and severally,  )
    Defendants  )

NOW COME the Plaintiff, Jessica M. Perkerewicz ("Plaintiff"), by and through undersigned Counsel, and hereby complains against the defendants, Sugarloaf Mountain Corporation ("Sugarloaf"), Aaron Upham ("Upham"), and Coyote Freeman ("Freeman"), jointly and severally ("Defendants") as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Jessica M. Perkerewicz, is a resident of Phillips, County of Franklin, State of Maine.

2. Upon information and belief, Defendant Sugarloaf Mountain Corporation is an incorporated business with a principal place of business in Carrabassett Valley, County of Franklin, State of Maine.

3. Upon information and belief, Defendant Aaron Upham, was the Executive Chef of Sugarloaf Mountain Corporation, including the restaurant 45 North at Sugarloaf.

4. Upon information and belief, Defendant Upham is a resident of the State of Maine.

5. Upon information and belief, Defendant Coyote Freeman, was an employee of Sugarloaf Mountain Corporation and worked in the restaurant 45 North.

6. Upon information and belief, Defendant Freeman is a resident of the State of Maine.

7. All incidents alleged herein on which Plaintiff sues occurred in the County of Franklin, State of Maine.

1

8. Plaintiff began her relevant employment with Defendant Sugarloaf on or around February 2017, and began working directly with Defendant Upham in November of 2017.

9. At all relevant times, Defendant Upham was the Executive Chef at Sugarloaf and a direct supervisor of Plaintiff.

10. Defendant Upham subsequently began to sexually assault and harass Plaintiff. The sexual assault and harassment includes, but is not limited to the following:

11. Defendant Upham would proposition Plaintiff and her younger sister, who was employed at Sugarloaf from December 2017 until January 2018, and make comments asking the two women to come home with him.

12. Defendant Upham would also walk up from behind Plaintiff if she was facing a table, he would take one hand and physically press her down so she was bent over the table, and then ram his genitals in to her backside, "dry humping" her.

13. Defendant Upham would do this several times per week, in front of Plaintiff's co-workers, and even in front of another supervisor, Jamie Caron, the Food and Beverage Manager at Sugarloaf.

14. The "dry-humping" persisted until on or around January 2018, when Plaintiff overheard Defendant Upham and Jaime Caron discussing an apparent complaint made by another employee at Sugarloaf, and the two supervisors agreed that they needed to be careful with their behavior.

15. Defendant Upham would also repeatedly come up behind Plaintiff and unhook her bra strap.

16. This escalated to an incident in June of 2019, when Defendant Upham tried to unhook Plaintiff's bra strap and realized the latch was not in the back, so he tried to detach her bra from the front with the strap between her breasts.

17. This last attempt in June of 2019 occurred in the presence of another supervisor, Peter Buckby, the Executive Sous Chef at Sugarloaf.

18. Throughout the time Defendant Upham was Plaintiff's supervisor and she worked for him, he also would text message Plaintiff inappropriate things like "Hey beautiful." and "What are you wearing for underwear today" and "Thanks for helping out we will do butt stuff tomorrow as a token of my gratitude".

19. While Plaintiff was working in the kitchen under Defendant Upham's supervision, she was also repeatedly sexually harassed by another employee, Parrish Brooks, who would call Plaintiff rude and derogatory names, tell her she only has her job because of her breasts, and would repeatedly proposition Plaintiff.

20. Plaintiff confronted Defendant Upham about Brooks on at least two separate occasions, and Defendant Upham's response was along the lines that Plaintiff and Sugarloaf needs to work to "build up" employees, rather than fire them.

21. Plaintiff was promoted to a chef position on or around June 30, 2019.

22. While in this position, Plaintiff had problems with her kitchen staff being disrespectful toward her and creating a hostile work environment.

23. One employee in particular, Defendant Coyote Freeman, gave Plaintiff the most trouble.

24. Defendant Freeman would text message Plaintiff inappropriate comments, such as requesting a blow job from Plaintiff in exchange for giving her a ride to work, and would frequently call her derogatory names like "bitch" and "dyke" while working together.

25. Defendant Freeman would throw food and kitchen utensils at Plaintiff in the kitchen.

26. Plaintiff confronted Peter Buckby about Defendant Freeman on multiple occasions on or around June and July 2019, but nothing was ever resolved.

27. This ongoing problem came to a head on or around July of 2019, when Defendant Freeman physically threatened and assaulted Plaintiff two separate times.

28. On the first occasion, on or around July 12, 2019, he held a knife against Plaintiff's neck.

29. The next time they worked together, on or around July 18, 2019, Defendant Freeman used his knife to slice at the brim of Plaintiff's hat that she was wearing.

30. Plaintiff immediately walked out of the restaurant and was contacted thereafter by Defendant Upham via text message, asking what had happened and asking her to call him.

31. Plaintiff called Defendant Upham the next morning and reported the incidents involving Defendant Freeman.

32. During that conversation, Defendant Upham, who had at all relevant times been Plaintiff's immediate supervisor and had been sexually harassing her throughout the

3

duration of the time they had worked together, informed Plaintiff that she would no longer be working at Sugarloaf.

33. Plaintiff was subsequently contacted by Leah Stevens, Director of Human Resources at Defendant Sugarloaf, and Ms. Stevens informed Plaintiff that she had received termination of employment papers from Defendant Upham but that she wanted to discuss the situation with Plaintiff before filing them.

34. Plaintiff disclosed to Ms. Stevens the two knife incidents with Defendant Freeman, as well as other problems that she had had with her kitchen staff disrespecting her, and Ms. Stevens told her that she was going to wait to process the termination papers, investigate the situation, and pay Plaintiff for the following week while the investigation was underway.

35. During the investigation, Plaintiff retained legal counsel, and counsel contacted Ms. Stevens to discuss with her the history of sexual harassment by Defendant Upham.

36. As a result of Defendant Sugarloaf's internal investigation, Plaintiff's employment at Sugarloaf was terminated.

37. Plaintiff received a notice regarding termination of her health insurance through Sugarloaf, the notice stating that she had been terminated on August 2, 2019.

38. Upon information and belief, Defendant Sugarloaf has not terminated the employment of Defendant Upham, nor Defendant Freeman.

39. As a result of the sexual harassment and assaultive behavior that Plaintiff experienced while working at Sugarloaf, Plaintiff has undergone counseling to deal with the continued impacts of the trauma.

40. As a result of her termination, Plaintiff had to file for unemployment benefits because there were limited options for subsequent employment.

41. Plaintiff has since obtained employment in different capacity with another company, but it is not suitable employment as she has undergone a significant pay cut at this new position and the position is not equitable to the position she occupied at Sugarloaf.

### COUNT I: VIOLATION OF THE MAINE HUMAN RIGHTS ACT

42. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 – 41 of the Complaint above, as if fully set forth and contained herein and further complains against Defendants as follows.

43. The Maine Human Rights Act ("MHRA") makes it illegal for an employer to maintain a hostile environment.

44. The relevant conduct created a hostile environment for Plaintiff.

45. Defendant Sugarloaf Mountain had notice of the hostile environment, but it failed take prompt remedial action to remedy the environment.

46. The hostile environment caused Plaintiff to suffer the damages set forth below.

47. Defendant Sugarloaf Mountain acted with malice or reckless disregard for the subject discrimination laws as set forth above.

48. Defendant Aaron Upham acted with malice or reckless disregard for the subject discrimination laws as set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court (1) enter judgment in favor of Plaintiff and (2) award damages sufficient to compensate for damages she has suffered as a result of Defendants Sugarloaf Mountain and Aaron Upham's conduct, including but not limited to general and non-economic damages, economic damages, prejudgment and post-judgment interest, punitive damages, costs of this suit, including reasonable attorney fees and costs, and such further relief as this Court may deem proper.

## COUNT II: RETALIATION

49. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 – 47 of the Complaint above, as if fully set forth and contained herein and further complains against Defendants as follows.

50. The MHRA also makes it illegal for an employer to retaliate against an employee for complaining of harassment or hostile work environment.

51. Prior to her termination, Plaintiff complained of the harassment to Defendant Upham, her supervisor that had been sexually harassing her throughout the duration of her employment.

52. After Plaintiff's complaint, she was subsequently terminated.

53. There is a causal link between Plaintiff's complaint of harassment and her termination.

54. Defendant Sugarloaf Mountain violated the MHRA by retaliating against Plaintiff because of her complaint of harassment.

55. Defendant Sugarloaf Mountain acted with malice or reckless disregard of the Maine Human Rights Act.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court (1) enter judgment in favor of Plaintiff and (2) award damages sufficient to compensate for damages she has suffered as a result of Defendant Sugarloaf Mountain's conduct, including but not limited to general and non-economic damages, economic damages, prejudgment and post-judgment interest, punitive damages, costs of this suit, including reasonable attorney fees and costs, and such further relief as this Court may deem proper.

### COUNT III: SEXUAL ASSAULT

56. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 – 54 of the Complaint above, as if fully set forth and contained herein and further complains against Defendants as follows.

57. During the course of Plaintiff's employment at Sugarloaf and throughout the duration of the time Plaintiff worked directly with Defendant Upham, Defendant Upham repeatedly sexually assaulted Plaintiff.

58. Initially, the sexual assault took the form of "dry humping", and Defendant Upham would walk up behind Plaintiff if she was facing a table, take one hand and physically press her down so she was bent over the table, and then would ram his genitals in to her backside.

59. This conduct was eventually replaced with consistent and frequent attempts, most of which were successful, to unhook Plaintiff's bra.

60. This conduct escalated to the final incident in June of 2019, when Defendant Upham tried to unhook Plaintiff's bra, then realized the latch was not in the back, so he reached in front and tried to detach Plaintiff's bra in the front, between her breasts.

61. As a result of the intentional, reckless, and negligent conduct of Defendant Upham, Plaintiff has suffered and continues to suffer mental and emotional distress and humiliation.

62. Plaintiff has sought mental health counseling as a result of her experiences working at Sugarloaf.

63. At all times material, Plaintiff and Defendant Upham were employed by Defendant Sugarloaf, and Defendant Upham was Plaintiff's direct supervisor.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court (1) enter judgment in favor of Plaintiff and (2) award damages sufficient to compensate for damages she has suffered as a result of Defendant Aaron Upham's conduct, including but not limited to general and non-economic damages, economic damages, prejudgment and post-judgment interest, punitive damages, costs of this suit, including reasonable attorney fees and costs, and such further relief as this Court may deem proper.

### COUNT IV: SEXUAL HARASSMENT

64. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 – 62 of the Complaint above, as if fully set forth and contained herein and further complains against Defendants as follows.

65. During the course of Plaintiff's employment at Sugarloaf and throughout the duration of the time Plaintiff worked directly with Defendant Upham, Defendant Upham would text message Plaintiff inappropriate things like "Hey beautiful." and "What are you wearing for underwear today" and "Thanks for helping out we will do butt stuff tomorrow as a token of my gratitude".

66. Plaintiff was sexually harassed by fellow employees, primarily Parrish Brooks, before she was promoted to her chef position.

67. Plaintiff confronted Defendant Upham about the harassment by Brooks, and Defendant Upham refused to take action against Brooks on these grounds.

68. Plaintiff also experienced frequent harassment from her kitchen staff that she oversaw as the chef, most notably from Defendant Freeman.

69. Defendant Freeman would text message Plaintiff inappropriate comments, such as requesting a blow job from Plaintiff in exchange for giving her a ride to work, and would frequently call her derogatory names like "bitch" and "dyke" while working together.

70. At all times material, Plaintiff and Defendant Upham were employed by Defendant Sugarloaf, and Defendant Upham was Plaintiff's direct supervisor.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court (1) enter judgment in favor of Plaintiff and (2) award damages sufficient to compensate for damages she has suffered as a result of Defendants Sugarloaf Mountain and Aaron Upham's conduct, including but not limited to general and non-economic damages, economic damages,

prejudgment and post-judgment interest, punitive damages, costs of this suit, including reasonable attorney fees and costs, and such further relief as this Court may deem proper.

### COUNT V: HARASSMENT

71. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 – 69 of the Complaint above, as if fully set forth and contained herein and further complains against Defendants as follows.

72. In addition to the sexual harassment that Plaintiff endured by Defendant Freeman, the harassment also became physical on two consecutive occasions, which were the last two shifts Plaintiff worked with Defendant Freeman, when Defendant Freeman used a kitchen knife against Plaintiff in a threatening and intimidating manner.

73. On the first occasion, on or around July 12, 2019, Defendant Freeman was upset with Plaintiff in the kitchen, and came up behind her and held a knife against Plaintiff's neck.

74. Plaintiff asked Defendant Freeman to leave at that time, and he left the kitchen and did not return.

75. On the second occasion, the very next shift the parties worked together and on or about July 18, 2019, Defendant Freeman used his knife to slice at the brim of Plaintiff's hat she was wearing, after he had taken away her kitchen cart and was blocking it from her.

76. Plaintiff immediately left the kitchen and did not return.

77. Prior to these knife incidents, Defendant Freeman consistently and frequently threw kitchen utensils or food at Plaintiff when he was upset with her in the kitchen.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court (1) enter judgment in favor of Plaintiff and (2) award damages sufficient to compensate for damages she has suffered as a result of Defendants Aaron Upham and Coyote Freeman's conduct, including but not limited to general and non-economic damages, economic damages, prejudgment and post-judgment interest, punitive damages, costs of this suit, including reasonable attorney fees and costs, and such further relief as this Court may deem proper.

### COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 – 76 of the Complaint above, as if fully set forth and contained herein and further complains against Defendants as follows.

8

79. As a result of the intentional and outrageous conduct of Defendants as aforesaid, Plaintiff suffered and continues to suffer severe emotional and mental pain, distress, humiliation, and anguish which was intentionally and negligently caused to her by Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court (1) enter judgment in favor of Plaintiff and (2) award damages sufficient to compensate for damages she has suffered as a result of Defendants Aaron Upham and Coyote Freeman's conduct, including but not limited to general and non-economic damages, economic damages, prejudgment and post-judgment interest, punitive damages, costs of this suit, including reasonable attorney fees and costs, and such further relief as this Court may deem proper.

### COUNT VII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

80. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 – 78 of the Complaint above, as if fully set forth and contained herein and further complains against Defendants as follows.

81. As a result of the negligent conduct of Defendants as aforesaid, Plaintiff suffered and continues to suffer severe emotional and mental pain, distress, humiliation, and anguish which was intentionally and negligently caused to her by Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court (1) enter judgment in favor of Plaintiff and (2) award damages sufficient to compensate for damages she has suffered as a result of all three Defendants' conduct, including but not limited to general and non-economic damages, economic damages, prejudgment and post-judgment interest, punitive damages, costs of this suit, including reasonable attorney fees and costs, and such further relief as this Court may deem proper.

### COUNT VIII: PUNITIVE DAMAGES

82. The plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 - 80 of this complaint as if fully set forth and contained herein, and further complains against the defendant as follows:

83. The acts of the defendant were willful, intentional, and so outrageous as to constitute actual and/or implied malice.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court (1) enter judgment in favor of Plaintiff and (2) award damages sufficient to compensate for damages she has suffered as a result of all three Defendants' conduct, including but not limited to general and non-economic damages, economic damages, prejudgment and post-judgment interest, punitive damages, costs of this suit, including reasonable attorney fees and costs, and such further relief as this Court may deem proper.

Dated at Farmington, Maine, this 26th day of December, 2019.

*[signature]*
Thomas J. Carey, Esq. (#4019)
Attorney for Plaintiff
Sanders, Hanstein & Carey, P.A.
PO Box 192
Farmington, Maine 04938
207-778-3432
tom@sandershanstein.com

*[signature]*
Ashley T. Perry, Esq. (#5984)
Attorney for Plaintiff
Sanders, Hanstein & Carey, P.A.
PO Box 192
Farmington, Maine 04938
207-778-3432
ashley@sandershanstein.com