UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JESSICA M. PERKEREWICZ, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   Civil No. 1:20-cv-273-DBH |
| | ) |
| SUGARLOAF MOUNTAIN CORPORATION, et al., | ) |
| | ) |
|       Defendants | ) |

### DECISION AND ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

#### INTRODUCTION

The plaintiff asserts that her former employer, a supervisor, and a subordinate created a hostile work environment, engaged in or permitted sex discrimination and sexual assault against her, and retaliated against her for complaining about her treatment. (Not all counts apply to all defendants.) The defendants have moved for summary judgment[1] on the plaintiff's common law tort claims, arguing that they are either preempted by the exclusivity of the Workers' Compensation Act, or are redundant of her statutory claims.[2] The

---

[1] The defendants' only statement of material fact is that the employer has workers' compensation insurance coverage, which the plaintiff admits. Defs.' Statement of Material Fact (ECF No. 20). In responding to the motion, the plaintiff states additional facts about the underlying incident. Pl.'s Opposing Statement of Material Facts and Additional Facts (ECF No. 24). For purposes of the summary judgment motion, the defendants do not dispute them. Defs.' Reply to Pl.'s Statement of Additional Material Facts (ECF No. 28).

[2] Because the plaintiff amended her complaint after the summary judgment motion was filed, some of the arguments no longer apply. See Defs.' Reply at 1 n.1 (ECF No. 27). The plaintiff withdrew her separate count seeking punitive damages, and she created a new Count III, a sex discrimination claim. References to Counts in this decision are to this second Amended

plaintiff's statutory claims (both state and federal) of sexually hostile environment, retaliation, and sex discrimination (Counts I, II, and III) will continue.[3]  But I **GRANT** summary judgment against the plaintiff on her tort claims (Counts IV through VIII).[4]

## ANALYSIS

The plaintiff alleges serious mistreatment based upon her sex and her complaints; her state and federal statutory claims, Counts I through III, will proceed to trial.  Those claims are not precluded by the Workers' Compensation Act and the defendants do not argue otherwise.[5]

What they do argue is that the plaintiff is limited to her statutory claims and I agree.  The Second Amended Complaint confusingly adds additional counts (IV through VIII) where she repeats the statutory violations, but seems to claim common law tort damages as well.  Her briefing on the motion confirms that such was her intent.

The Maine Law Court has made clear that where there is Workers Compensation Act insurance coverage (there is here), no tort relief is available.[6]

---

Complaint, filed Nov. 13, 2020 (ECF No. 26), referred to here as the "Second Amended Complaint."

[3] Count I is sexually hostile work environment under both the Maine Human Rights Act and Title VII of the Federal Civil Rights Act.  Count II is retaliation under both statutes.  Count III is sex discrimination that claims, in addition to hostile work environment, that the plaintiff "was treated less favorably than her male counterparts."  Second Am. Compl. ¶ 62.

[4] Count IV alleges sexual assault by her supervisor.  Count V alleges sexual harassment.  Count VI alleges harassment that goes beyond sexual harassment and alleges physical assault by an employee under the plaintiff's supervision.  Count VII alleges intentional infliction of emotional distress.  Count VIII alleges negligent infliction of emotional distress.

[5] The defendants do seek summary judgment on Count III, but I conclude that, as reworked by the plaintiff, it contains a claim of disparate treatment based on sex that is more than Count I's sexually hostile work environment claim.

[6] The Maine Workers' Compensation Act provides that such an employer "is exempt from civil actions . . . at common law," 39-A M.R.S.A. § 104, and the employee "is deemed to have waived the employee's right of action at common law."  Id. § 408.

"It is much too late to argue that [these sections] do not bar common law tort actions against employers who have undertaken the obligations of the Workers' Compensation Act." Beverage v. Cumberland Farms Northern, Inc., 502 A.2d 486, 488-89 (Me. 1985). This Court has applied that conclusion in an employment discrimination case. Frank v. L.L. Bean, Inc., 352 F. Supp. 2d 8, 11-12 (D. Me. 2005), applying the holding of Knox v. Combined Ins. Co. of Am., 542 A.2d 363 (Me. 1988) (sexual assault and sexual harassment torts may be compensable under the Workers' Compensation Act if sufficiently work-related). The fact the conduct is intentional does not change that conclusion. See Searway v. Rainey, 1998 ME 86, ¶¶ 1, 3, 709 A.2d 735; Li v. C.N. Brown Co., 645 A.2d 606, 608 (Me. 1994).

In addition, the federal and state anti-discrimination statutes have their own remedies, and the Law Court has made clear that when there is a statutory right and remedy, a plaintiff cannot seek common law relief. "[W]here a statutory right and remedy are provided, there is no need to recognize a redundant tort." Bard v. Bath Iron Works Corp., 590 A.2d 152, 156 (Me. 1991); accord Paquin v. MBNA Mktg. Sys., Inc., 195 F. Supp. 2d 209, 211 (D. Me. 2002) (rejecting as redundant a common law tort for negligence in a discrimination case).

The plaintiff has one count (Count VI) that is independent of the anti-discrimination statutes, but the incidents she alleges there occurred in the course of her employment and therefore are subject to the exclusivity of Workers' Compensation Act insurance coverage.

She also argues that some inappropriate email messages were sent to her while she was at home and that such conduct is not covered by Workers'

3

Compensation Act exclusivity. Pl.'s Opp'n at 5 (ECF No. 23). She does not include that assertion in her statement of material facts, and I could therefore ignore it. See D. Me. Loc. R. 56(f). I do find it in her Declaration, but the conduct seems clearly related to work: "Throughout my time working at Sugarloaf with Upham as my supervisor, Upham would also send me inappropriate, sexually-charged text messages, both while at work and outside of work . . . ." Pl.'s Decl. at 2 ¶ 16 (ECF 24-1). In any event, if some of the messages are not covered by the exclusivity of the Workers' Compensation Act because they were received at home, they certainly are covered by the anti-discrimination statutes. A tort remedy therefore would be redundant.

The defendants' motion for summary judgment on Counts IV through VIII is **GRANTED**.

**SO ORDERED.**

**DATED THIS 23RD DAY OF DECEMBER, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**